1
2
3
4
5
<u>6</u>
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11  MARTIN ONTIVEORS                    **CASE NO. 1:15-cv-01565-MJS (PC)**

12          Plaintiff,                  **ORDER DISMISSING FIRST**
                                        **AMENDED COMPLAINT WITH LEAVE**
13      v.                              **TO AMEND**

14  ST. CLAIR, et al.,                  **(ECF No. 27)**

15          Defendants.                 **ORDER STRIKING PLAINTIFF'S**
                                        **"EXHIBITS TO COMPLAINT"**
16
                                        **(ECF No. 28)**
17
                                        **THIRTY-DAY DEADLINE TO AMEND**
18

19          Plaintiff Martin Ontiveors, a prisoner proceeding pro se and in forma pauperis, filed

20  this civil rights action pursuant to 42 U.S.C. § 1983 on October 6, 2015. Plaintiff has

21  consented to Magistrate Judge jurisdiction. (ECF No. 11.) No other parties have

22  appeared.

23          On April 25, 2016, the Court screened Plaintiff's complaint and found it did not

24  state any cognizable claims.  (ECF No. 26.)  Plaintiff was granted thirty days to file an

25  amended complaint to cure the identified deficiencies.  Plaintiff's May 19, 2016 first

26  amended complaint is before the Court for screening.  (ECF No. 27.) On June 6, 2016,

27  Plaintiff filed additional exhibits to his first amended complaint entitled "Exhibits to

28  Complaint." (ECF No. 28.)

1    I.    **Screening Requirement**

2           The Court is required to screen complaints brought by prisoners seeking relief

3    against a governmental entity or an officer or employee of a governmental entity.   28

4    U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner

5    has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

6    which relief may be granted, or that seek monetary relief from a defendant who is

7    immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee,

8    or any portion thereof, that may have been paid, the court shall dismiss the case at any

9    time if the court determines that . . . the action or appeal . . . fails to state a claim upon

10   which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

11   **II.   Pleading Standard**

12          A complaint must contain "a short and plain statement of the claim showing that

13   the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations

14   are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported

15   by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678

16   (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are

17   not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d

18   677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual

19   allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

20          Under section 1983, Plaintiff must demonstrate that each defendant personally

21   participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

22   2002).  This requires the presentation of factual allegations sufficient to state a plausible

23   claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962,

24   969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to

25   have their pleadings liberally construed and to have any doubt resolved in their favor,

26   Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless,

27   the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal,

28   556 U.S. at 678; Moss, 572 F.3d at 969.

1    ### III.    Plaintiff's Allegations

2        Plaintiff is currently incarcerated at High Desert State Prison but complains of acts

3    that occurred at Sierra Conservation Center ("SCC"), a state prison in Jamestown,

4    California.[1]   Plaintiff brings this action against Defendants Chief Medical Officer J. St.

5    Clair of SCC; Chief Executive Officer R. Duncan of SCC; Deputy Director J. Lewis of the

6    California Department of Corrections and Rehabilitation; and Nurse Clegg and Drs.

7    Ridge, Smith, and Savage of SCC.    He alleges Defendants violated his Eighth

8    Amendment right to adequate medical care, and seeks injunctive relief and monetary

9    damages in the amount of seven million dollars.

10       Plaintiff's allegations within his first civil rights complaint were buried within a

11   plethora of prison medical documents and appeals forms assembled in no discernible

12   order.  The Court informed Plaintiff that it would not sort through these documents to try

13   to identify claims Plaintiff wanted to make and advised Plaintiff he had to plainly state his

14   claims while adhering to the legal standards set forth in the Court's order.  (ECF No. 26.)

15   Rather than follow the Court's directive, Plaintiff attached even more appeals forms and

16   medical documents to his first amended complaint.  Plaintiff's first amended complaint

17   spans 79 pages. On June 6, 2016, Plaintiff filed 79 additional pages of supporting

18   documentation.  (ECF No. 28.)

19       Plaintiff states the documents "speak for themselves." (ECF No. 27 at 4.) They do

20   not.   Plaintiff is admonished **one last time**: it is not the Court's responsibility to sort

21   through documents to try to parse his allegations and identify cognizable claims. While

22   the Court indulged Plaintiff in screening his first complaint, it will not do so again.   The

23   following summary of Plaintiff's allegations is taken from the body of Plaintiff's first

24   amended complaint without reference to Plaintiff's supporting documentation:

25       Plaintiff suffers from a severely painful disk protrusion in his back. Defendant J.

26   Lewis outright denied Plaintiff medical treatment that Plaintiff had been receiving for

27

28
---
[1] Plaintiff originally filed this action in the United States District Court for the Northern District of California on June 17, 2015, however it was transferred to the Eastern District of California, where venue properly lies, on October 14, 2015.

1  years at Centinela State Prison.   Defendant R. Duncan was aware of Plaintiff's severe
2  back pain, and did nothing to treat it.  Dr. Smith tried to cut Plaintiff off all medication, and
3  said Plaintiff was "faking [his] back pain." Plaintiff states Drs. Ridge and Savage and
4  Nurse Clegg were also aware of Plaintiff's back pain, but did nothing.

5        Plaintiff states he was forced to suffer in pain as a result of Defendants' disregard.

6  **IV.    Discussion**

7        Plaintiff's first amended complaint will be dismissed.   The allegations in the body of
8  his complaint are too general, too conclusory, to state a claim for relief.   He will be given
9  leave to amend.   Should Plaintiff choose to file an amended complaint, he <u>must not</u>
10  attach medical and appeals records with the expectation that they will "speak for
11  themselves." He must present his claims in plain and direct language, and state how
12  each Defendant personally violated his constitutional rights.   His amended complaint
13  must be complete within itself. Plaintiff is reminded that all factual allegations are
14  accepted as true, <u>Iqbal</u>, 556 U.S. at 678.    Thus, there is no benefit to attaching
15  documents to try to prove what is in the pleading. Documentary evidence supporting his
16  allegations is unnecessary and will not be considered.

17        **A.    Linkage**

18        Firstly, under section 1983, Plaintiff must demonstrate that each named defendant
19  personally participated in the deprivation of his rights. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662,
20  676-77 (2009); <u>Simmons</u>, 609 F.3d 1011, 1020-21(9th Cir. 2010); <u>Ewing v. City of
21  Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th
22  Cir. 2002).  Plaintiff may not attribute liability to a group of defendants, but must "set forth
23  specific facts as to each individual defendant's" deprivation of his rights.   <u>Leer v. Murphy</u>,
24  844 F.2d 628, 634 (9th Cir. 1988); <u>see also</u>  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir.
25  1989).    Liability may not be imposed on supervisory personnel under the theory of
26  *respondeat superior*, as each defendant is only liable for his or her own misconduct.
27  <u>Iqbal</u>, 556 U.S. at 676-77; <u>Ewing</u>, 588 F.3d at 1235.  Supervisors may only be held liable
28  if they "participated in or directed the violations, or knew of the violations and failed to act

to prevent them." <u>Lemire v. Cal. Dept. of Corrections & Rehabilitation</u>, 726 F.3d 1062, 1074-75 (9th Cir. 2013) ("A prison official in a supervisory position may be held liable under § 1983 . . . 'if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation.'") (quoting <u>Lolli v. Cty. of Orange</u>, 351 F.3d 410, 418 (9th Cir. 2003)); <u>Starr v. Baca</u>, 652 F.3d 1202, 1205-08 (9th Cir. 2011); <u>Corales v. Bennett</u>, 567 F.3d 554, 570 (9th Cir. 2009); <u>Preschooler II v. Clark Cty. Sch. Bd. of Trs.</u>, 479 F.3d 1175, 1182 (9th Cir. 2007); <u>Harris v. Roderick</u>, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has currently alleged no facts linking Defendant St. Clair to the violation of his rights; indeed, St. Clair's name appears nowhere in Plaintiff's complaint outside of the caption.   Plaintiff is advised that his amended complaint must link St. Clair to the constitutional violations alleged.

### B.   Medical Indifference

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.   <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir 2009); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006); <u>Jones</u>, 297 F.3d at 934.   "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." <u>Crowley v. Nevada ex rel. Nevada Sec'y of State</u>, 678 F.3d 730, 734 (9th Cir. 2012) (citing <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted).   To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights.   <u>Lemire v. California Dep't of Corr. and Rehab.</u>, 726 F.3d 1062, 1074-75 (9th Cir. 2013); <u>Starr v. Baca</u>, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." <u>Wilhelm</u>

1  v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091,

2  1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure

3  to respond to a prisoner's pain or possible medical need, and (b) harm caused by the

4  indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite

5  state of mind is one of subjective recklessness, which entails more than ordinary lack of

6  due care.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on*

7  *other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014) (citation and

8  quotation marks omitted); Wilhelm, 680 F.3d at 1122.

9       The second element of an Eighth Amendment claim is subjective deliberate

10  indifference, which involves two parts.  Lemire, 726 F.3d at 1078.  Plaintiff must

11  demonstrate first that the risk was obvious or provide other circumstantial evidence that

12  Defendants were aware of the substantial risk to his health, and second that there was no

13  reasonable justification for exposing him to that risk.  Id. (citing Thomas v. Ponder, 611

14  F.3d 1144, 1150 (9th Cir. 2010)) (quotation marks omitted).

15       In applying this standard, the Ninth Circuit has held that before it can be said that a

16  prisoner's civil rights have been abridged, "the indifference to his medical needs must be

17  substantial."  "'[I]ndifference,' 'negligence,' or 'medical malpractice' will not support this

18  cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)

19  (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in

20  diagnosing or treating a medical condition does not state a valid claim of medical

21  mistreatment under the Eighth Amendment. Medical malpractice does not become a

22  constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106;

23  see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995).  Even gross

24  negligence is insufficient to establish deliberate indifference to serious medical needs.

25  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  Furthermore, mere

26  disagreement with the treatment chosen does not suffice to support a claim under section

27  1983. Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122-23.

28       To the extent Plaintiff's claims arise from the handling of his administrative

appeals, denying a prisoner's administrative appeal generally does not cause or contribute to the underlying violation. <u>George v. Smith</u>, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, <u>Jett v. Penner</u>, 439 F.3d at 1098, there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. Simply affirming a lower decision, however, does not suffice to demonstrate that the official knew of and disregarded Plaintiff's serious medical needs. <u>Peralta</u>, 744 F.3d at 1086-87 (prison official who signed off inmate's second-level appeal after relying on the medical opinions of staff dentists who had already signed off on inmate's treatment plan found not liable under § 1983); <u>see also</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (actions in reviewing inmate appeal do not support viable claim because there is no separate constitutional entitlement to appeals process).

Here, Plaintiff has alleged no facts showing any Defendant was deliberately indifferent to his serious medical needs. Plaintiff must show some affirmative actions or omissions on the part of Defendants that led to the violation of Plaintiff's rights. Plaintiff must explain how each Defendant's actions in treating or failing to treat Plaintiff's pain were inadequate; he must show how each Defendant knew of the seriousness of Plaintiff's medical condition yet deliberately disregarded it. It does not suffice to say Defendants "reviewed [his] file" yet denied him "treatment." Even as to Dr. Smith, it does not suffice to say Dr. Smith accused Plaintiff of "faking" his back pain. Plaintiff must describe the circumstances under which each Defendant should have, but consciously refused to, treat Plaintiff.

### C.    California State Tort Claim

Plaintiff also accuses Defendants of medical malpractice.

Medical malpractice is not a constitutional violation, <u>Estelle</u>, 429 U.S. at 106; rather, claims for medical malpractice fall under the state tort of negligence. This Court may exercise jurisdiction over a state law claim pursuant to 28 U.S.C. § 1367(a), which

states in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," except as provided in subsections (b) and (c). "[Once judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." ACI v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Because Plaintiff has not alleged a cognizable federal claim, the Court does not have jurisdiction over Plaintiff's state tort claim. In the event Plaintiff chooses to amend, he is advised of the following requirements for pleading a cognizable malpractice claim under California law.

California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board ("the Board"), formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Govt. Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2009). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Super. Ct. of Kings Cty. (Bodde), 90 P.3d 116, 124 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Super. Ct., 90 P.3d at 124; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988). An action must be commenced within six months after the claim is acted upon or is deemed to be rejected. Cal. Govt. Code § 945.6; Moore v. Twomey, 16 Cal. Rptr. 3d 163 (Cal. Ct. App. 2004).

In a medical malpractice action, the plaintiff must establish: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate

1  causal connection between the negligent conduct and the resulting injury; and (4) actual

2  loss or damage resulting from the professional's negligence."  Tortorella v. Castro, 140

3  Cal. App. 4th 1, 3 n.2 (2006); Hanson v. Grode, 76 Cal. App. 4th 601, 606 (1999).  "The

4  standard of care in a medical malpractice case requires that medical service providers

5  exercise that . . . degree of skill, knowledge and care ordinarily possessed and exercised

6  by members of their profession under similar circumstances."  Barris v. County of Los

7  Angeles, 20 Cal. 4th 101, 108 (Cal. 1999); Landeros v. Flood, 17 Cal. 3d. 399, 408

8  (1976).

9         **D.**     **Plata Plan Claim**

10         Plaintiff complains that Defendants failed to comply with the "Plata Plan."[2]

11         Plaintiff may not pursue any claims in this action based on an alleged violation of

12  the Plata remedial plan.  A violation of a court order in Plata does not provide Plaintiff

13  with an independent claim for relief in this action.  See Cagle v. Sutherland, 334 F.3d

14  980, 986-87 (9th Cir. 2003) (consent decrees often go beyond constitutional minimum

15  requirements, and do not create or expand rights); Green v. McKaskle, 788 F.2d 1116,

16  1123 (5th Cir. 1986) (remedial decrees remedy constitutional violations but do not create

17  or enlarge constitutional rights).  To the extent that Plaintiff wishes to seek assistance

18  that he believes is due pursuant to the Plata plan, Plaintiff "must pursue his request via

19  the consent decree or through class counsel." Crayton v. Terhune, No. C 98-4386

20  CRB(PR), 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002). Plaintiff may not sue for

21  damages in this action solely on the basis that Defendants allegedly violated the remedial

22  plan.

23         Plaintiff's claims under the Plata plan are dismissed. He cannot cure this

24  deficiency, therefore he will not be given leave to amend.

25  **V.**     **Plaintiff's Additional Exhibits**

26         Separate from his civil rights complaint, Plaintiff filed 79 pages of supporting

27  ────────────────────────────
[2] The Court assumes Plaintiff is referring to the rulings under Plata v. Schwarzenegger, No. C 01-1351

28  TEH, a class action concerning medical care in California's prisons.

1  documentation in the form of medical and appeals records.

2       A civil rights complaint must be "complete in and of itself without reference to any
3  other pleading, attachment, or document." <u>Micenheimer v. Soto</u>, No. CV 13-3853-CJC
4  (JEM), 2014 WL 2931111 (C.D. Cal. June 27, 2014); <u>see also</u> <u>Lacey v. Maricopa County</u>,
5  693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The Court has already advised Plaintiff
6  that he need not refer to documentary evidence in order to state a claim. The Court
7  cannot, and indeed will not, serve as a repository for Plaintiff's evidence. Therefore,
8  Plaintiff's "Exhibits to Complaint" (ECF No. 28) will be stricken.

9  **VI.    Conclusion and Order**

10      Plaintiff's first amended complaint will be dismissed for failure to state a claim.
11  Plaintiff will be afforded one final opportunity to amend if he believes, in good faith, he
12  can cure the identified deficiencies.  <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212-13 (9th Cir.
13  2012); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d
14  1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this
15  suit by adding new, unrelated claims in his amended complaint.  <u>George</u>, 507 F.3d at
16  607.

17      If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but
18  under section 1983, it must state what each named defendant did that led to the
19  deprivation of Plaintiff's constitutional rights and liability may not be imposed on
20  supervisory personnel under the theory of *respondeat superior*, <u>Iqbal</u>, 556 U.S. at 676-77;
21  <u>Starr</u>, 652 F.3d at 1205-07.  Although accepted as true, the "[f]actual allegations must be
22  [sufficient] to raise a right to relief above the speculative level. . . ." <u>Twombly</u>, 550 U.S. at
23  555 (citations omitted).

24      Finally, an amended complaint supersedes the original complaint, <u>Lacey</u>, 693 F.3d
25  at 907 n.1, and it must be "complete in itself without reference to the prior or superseded
26  pleading," Local Rule 220.

27      Accordingly, it is HEREBY ORDERED that:

28      1.    Plaintiff's first amended complaint (ECF No. 27) is DISMISSED with leave

to amend;

2.   Plaintiff's "Exhibits to Complaint" (ECF No. 28) are STRICKEN;

3.   The Clerk's Office shall send Plaintiff a blank complaint form along with a copy of the complaint filed May 19, 2016;

4.   Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal;

5.   If Plaintiff fails to comply with this order, this Court will recommend this action be dismissed, without prejudice, for failure to state a claim and failure to obey a court order, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   August 1, 2016                     /s/ Michael J. Seng

                                    UNITED STATES MAGISTRATE JUDGE