UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ONTIVEORS,<br><br>          Plaintiff,<br><br>     v.<br><br>ST. CLAIR, et al.,<br><br>          Defendants. | **CASE NO. 1:15-cv-01565-MJS (PC)**<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 32)**<br><br>**THIRTY-DAY DEADLINE TO AMEND** |

Plaintiff Martin Ontiveors, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 6, 2015. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 11.) No other parties have appeared.

On August 2, 2016, the Court screened Plaintiff's first amended complaint ("FAC") and found it did not state any cognizable claims. (ECF No. 29.) Plaintiff was granted leave to file a second amended complaint ("SAC") to cure the identified deficiencies. Plaintiff's September 22, 2016 SAC is before the Court for screening. (ECF No. 32.)

## I.     Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal,

556 U.S. at 678; Moss, 572 F.3d at 969.

### III.     Plaintiff's Allegations

Plaintiff is currently incarcerated at High Desert State Prison but complains of acts that occurred at Sierra Conservation Center ("SCC"), a state prison in Jamestown, California.[1]  Plaintiff brings this action against Defendants Chief Medical Officer J. St. Clair of SCC; Chief Executive Officer R. Duncan of SCC; Deputy Director J. Lewis of the California Department of Corrections and Rehabilitation; and Nurse Clegg and Drs. Ridge, Smith, and Savage of SCC.  He alleges Defendants violated his Eighth Amendment right to adequate medical care, and he seeks injunctive relief and monetary damages.

Plaintiff's FAC included more than 150 pages of supporting documentation. On screening, the Court advised Plaintiff that it would not sort through the paperwork in search of colorable claims.  It directed Plaintiff to submit a short and plain statement of his claims without reference to outside exhibits. (ECF No. 29 at 3.) Despite this admonition, Plaintiff's SAC references his appeals forms and medical records and aver that they "speak for themselves."

Again, the Court cannot go through 150 pages of exhibits to try to identify claims Plaintiff may wish to state.   Instead, it will rely upon the allegations in the facts section of Plaintiff's SAC which are summarized below:

Plaintiff suffers from severe back pain. He was previously prescribed a Fentanyl pain patch, but the SCC medical staff took it away. Defendant St. Clair denied Plaintiff medical care and wrote that he "looks forward [to Plaintiff's] lawsuit." Defendants Lewis and Duncan each reviewed Plaintiff's 602 appeal and medical file, but chose to deny Plaintiff medical treatment. Defendants Ridge and Savage knew of Plaintiff's pain, but refused to give Plaintiff treatment. Defendant Smith tried to cut Plaintiff off all medication,

---

[1] Plaintiff originally filed this action in the United States District Court for the Northern District of California on June 17, 2015.  The case was transferred to the Eastern District of California, where venue properly lies, on October 14, 2015.

3

and said Plaintiff was "faking [his] back pain." Defendant Clegg was the head nurse, and also knew of Plaintiff's pain but did nothing about it.

Plaintiff believes he was transferred to HDSP from SCC in retaliation for filing this lawsuit. He alleges violations of the Eighth Amendment as well as medical malpractice. He seeks injunctive relief and compensatory damages.

## IV. Discussion

Plaintiff has twice been advised of the pleading standards for his medical care claims. (See ECF Nos. 26 & 29.) He still presents only vague and conclusory allegations to support them. For the reasons stated in the Court's prior screening orders (id.), Plaintiff's medical care claims will be dismissed. Plaintiff will not be granted leave to amend his medical care claims.

However, Plaintiff raises for the first time an allegation that he was transferred to HDSP in retaliation for filing his complaint. The Court will advise Plaintiff of the requirements for pleading a First Amendment retaliation claim and grant him one opportunity to amend if he believes he can state a cognizable retaliation claim.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d at 1114-15; Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Brodheim v. Cry, 584 F.3d at 1269.

The second element focuses on causation and motive. See Brodheim, 584 F.3d at 1271. A plaintiff must show that his protected conduct was a "'substantial' or 'motivating'

factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce, 351 F.3d at 1289 (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prerequisite, filing a grievance or lawsuit is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

Here, Plaintiff claims that he was transferred to HDSP in retaliation for this lawsuit. At present, he has not established that any named Defendant was responsible for the transfer, that the instant lawsuit was a "substantial" motivating factor behind the transfer, or that the transfer was adverse in nature. Plaintiff will be granted one opportunity to amend to insert such truthful allegations which he may feel meet the above criteria.

## V.     Conclusion and Order

Plaintiff's second amended complaint will be dismissed for failure to state a claim. Plaintiff will not be granted leave to amend his medical care claims. However, Plaintiff will be afforded one opportunity to amend his retaliation claim if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey, 693 F.3d at 907 n.1, and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's second amended complaint (ECF No. 32) is DISMISSED with leave to amend the retaliation claim only;
2. The Clerk's Office shall send Plaintiff a blank complaint form along with a copy of the complaint filed September 22, 2016;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff must file a third amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal;

5. If Plaintiff fails to comply with this order, this Court will dismiss this action, with prejudice, for failure to state a claim and failure to obey a court order, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   December 23, 2016              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE